IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ready to file

| | |
|---|---|
| CECIL TYRONE BRINAGER dba TY BRINAGER & SONS PRODUCE, ET AL. : | |
| Plaintiffs, : | Case No. 2:06 CV 441 |
| v. : | Judge Smith |
| RONK ELECTRICAL INDUSTRIES, INC. : | Magistrate Judge Abel |
| Defendant. | |

## ORDER

Plaintiffs bring this action under Ohio Revised Code § 2307.71 *et seq.* and Ohio Revised Code §§ 1302.26-8 asserting that defendant manufactured a defective electrical phase converter which caused a fire in plaintiffs' produce processing and packaging plant. This matter is before the Magistrate Judge on defendant's September 25, 2006 motion for joinder of the Westfield Insurance Group as an involuntary plaintiff to the proceedings under Rule 19(a) of the Federal Rules of Civil Procedure. (Doc. 9.)

**I. Background**

Plaintiffs are seeking relief for a fire they claim was caused by defendant's allegedly defective three-phase converter that was designed, manufactured, distributed and/or sold by defendant. (Comp ¶¶ 8-10.) The complaint alleges that the device was installed to convert single-phase electrical current into three-phase electrical current to operate equipment and

machinery. (Comp ¶ 8.) The converter failed in 2005, causing a fire throughout the facility when the converter ejected sparks. (Comp ¶¶ 9-10.) Combustible materials in the area ignited, and the fire spread, causing damage to or destruction of property, equipment, and inventory. (Comp ¶ 10.) Defendant's counsel said its expert thought, subject to further examination, that the converter was not the cause of the fire. The Rutland Volunteer Fire Department listed the cause of the fire as undetermined. (Preliminary Pretrial Order p. 2.)

## II. Arguments of the Parties

### A. Defendant

Defendant contends that Westfield Insurance Group insured the plaintiffs for their loss, and allegedly paid $350,000 for equipment lost in the fire. Defendant also argues that Westfield possesses a subrogated interest for the payment made and must be joined as a party to the proceeding. It argues that the requirements for joinder are met, and that Westfield's absence will result either in a situation where complete relief cannot be accorded for defendant, or where defendant will face the possibility of multiple suits. Defendant thus seeks joinder under Fed. R. Civ. P. 19(a)(1) or (a)(2)(ii).

In addition, in response to plaintiff's arguments, defendant rejects the application of 17(a) since defendant has not made a motion to dismiss.

### B. Plaintiffs

Plaintiffs admit that Westfield possesses a subrogation interest, and therefore makes both plaintiffs and insurer real parties in interest. Plaintiffs argue against the motion to join Westfield, however, and instead seek ratification under Fed. R. Civ. P. 17(a). Finally, defendants argue that Westfield agreeing to be bound by the judgment will address the concern with multiple

judgments as well as not introducing evidence of the insurers which they contend would be unfairly prejudicial to the plaintiffs.

### III. Discussion

Rule 19 provides in pertinent part:

> **(a) Persons to be Joined if Feasible**. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19.

### A. Joinder under Rule 19(a)(1)

Defendants do not advance any authority for their claim that Westfield's absence will result in a situation where complete relief cannot be accorded for defendants. However, the Sixth Circuit has noted that the first step in answering a question of Rule 19 joinder is to determine whether it is a necessary party that should be joined if possible. *Soberay Mach. & Equipment Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763-4 (6th Cir. 1999). For Rule 19(a)(1), completeness of relief is based on those who are already parties, not as between a current party and the party sought to be joined. *Angst v. Royal Maccabees Life Ins. Co.*, 77 F. 3d 701, 705 (3d Cir. 1996).

Thus, if monetary relief found to be due to plaintiffs can be completely satisfied without the joining of any other defendant, the party sought to be joined is not necessary for "complete relief" under Rule 19(a)(1). *Bedel v. Thompson*, 103 F.R.D. 78, 80 (S.D.Ohio 1984). Ronk

3

has not argued that Westfield is a necessary party under Rule 19(a)(1). Because a party need only meet one of the criteria set forth in Rule 19(a) to pass the first step of the test, *Soberay v. MRF*, 181 F.3d at 764, I will now turn to Ronk's argument that Westfield is a necessary party under Rule 19(a)(2)(ii).

### B.  Joinder under Rule 19(a)(2)(ii)

Defendants assert, and plaintiffs admit, that defendants may be subjected to the possibility of inconsistent or multiple obligations. The second step of the analysis is whether the absent parties may feasibly be joined. *Keweenaw Bay Indian Community v. State*, 11 F.3d 1341, 1347 (6th Cir. 1993). This second step hinges on jurisdiction. *Id.* at 1345. Defendants claim, and plaintiffs do not deny, that this Court would not be deprived of jurisdiction since the Brinagers are Ohio residents and they are suing Illinois corporation Ronk, which seeks to join Ohio company Westfield as a plaintiff. On these facts, therefore, Westfield should be joined under Rule 19.

### C.  Ratification

Plaintiffs, in response, argue for ratification instead of joinder. Rule 17(a) provides in pertinent part:

> **(a) Real Party in Interest**. Every action shall be prosecuted in the name of the real party in interest... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed. R. Civ. P. 17(a).

4

Plaintiffs cite several cases in support of the ratification instead of joinder. First, they rely on *United Coal Companies v. Powell Construction Co.*, 839 F.2d 958, 960 (3rd Cir. 1988), where the Court did find that the ratifying party was not required to become a formal party to the action. In that case, there was a motion to dismiss or add insurance companies as real parties in interest, but no order was entered on the motion because there were agreements expressly ratifying the suit. *Id.* at 960. The effect was as if the insurance companies had been parties from the beginning. *Id.* at 960.

Plaintiffs also rely on *Prosperity Realty, Inc. v. Haco-Canon*, 724 F.Supp. 254, 258 (S.D.N.Y. 1989), where defendants moved to substitute an insurance company as the plaintiff under Rule 17(a) on the grounds that it was a subrogee and therefore the real party in interest. The Court there cited *United Coal* in finding that the effect of service of the Rule 17(a) ratification was the same as if the insurer had been a party from the beginning. *Id.* at 258.

However, both of those cases may be distinguished from the case at bar in that neither addresses if a court can deny a Rule 19 motion based on the real party in interest's willingness to execute an affidavit of ratification agreeing to be bound by the results of the action. Both cases started out with Rule 17 motions. Plaintiffs further rely on *Levy Jewelers, Inc. v. ADT Sec. Sys., Inc.*, 187 F.R.D. 701, 702 (S.D.Ga. 1999), where defendants sought to join an insurance company as a real party in interest under Rule 17(a). The Court denied joinder for two reasons: first, plaintiffs had also suffered uninsured losses and would be a real party regardless of whether the insurers were joined; and second, an affidavit of ratification was executed so there was no need to add the party. *Id.* at 702.

5

The only case plaintiffs cite that addresses Rule 19 joinder is *Hancotte v. Sears, Roebuck & Co.*, 93 F.R.D. 845, 846 (E.D.Penn 1982). The defendant first sought joinder of the insurance company under 17(a), which the Court denied due to a ratification agreement. *Id.* at 846. Defendant made a motion in the alternative for joinder under Rule 19(a). This was also denied since the Court found that complete relief could be granted between those already parties, and the ratification agreement eliminated the possibility of multiple and inconsistent obligations. *Id.* at 847.

The general rule is that if a party passes the first two steps of Rule 19 analysis then the party *shall* be joined. *Keweenaw Bay*, 11 F.3d at 1345. Since plaintiffs do not dispute that Westfield is necessary and would not destroy jurisdiction, their application of Rule 17 to prevent joinder is inappropriate. The purpose of Rule 17 provides further support for not applying it in this situation. The last sentence in Rule 17(a) allowing ratification states that the rule "is designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1555 (2006). No mistake in naming parties has been made here, suggesting Rule 17 was meant for a different type of situation.

Accordingly, the Magistrate Judge GRANTS the motion to join Westfield Insurance Group under Fed. R. Civ. P. 19(a)(2)(ii).

**IV. Conclusion**

For the reasons set out above, defendant's motion for joinder of Westfield Insurance Group (doc. 9) is GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel  MRA  2/27/07
United States Magistrate Judge